## SAM WASHER, etc., v. BALTON & SON.

Western Section.    December 7, 1926.

No petition for Certiorari was filed.

1. **Appeal and error.  The weight of the evidence is for the jury.**
    If there is any material evidence to support the verdict, it will not be reviewed by the appellate court.

2. **Evidence.  Evidence held properly admissible for the sole purpose of corroborating plaintiff's evidence.**
    In an action on a contract where the plaintiff contended that the contract was for a period of twelve months and the defendant urged that the contract could be terminated at the end of any one month and the plaintiff offered evidence to show that he expended approximately $500 at the beginning of the period, held that this evidence was admissible to corroborate plaintiff's testimony that the contract was for a period of twelve months since it was material circumstances to be looked at by the jury in support of the plaintiff's contention.

Appeal in Error from Circuit Court of Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Bearman & Bearman, of Memphis, for plaintiff in error.

Canada, Russell & Williams, of Memphis, for defendant in error.

SENTER, J. The parties will be referred to in this opinion as in the court below, as plaintiff and defendant. The plaintiff sued the defendant for the balance alleged to be due and owing to plaintiff under a contract for painting signs on walls and space procured and furnished by plaintiff in the City of Memphis. It is contended for plaintiff that the firm of Balton & Son contracted with the defendant to procure certain wall and sign board space in the City of Memphis, and to paint thereon advertising signs for the defendant, and that defendant was to pay to plaintiff the sum of $90 per month for a period of twelve months beginning with April 1, 1925, and that after said contract was made and entered into plaintiff procured the walls and space agreed upon between the parties, and proceeded to paint the signs and advertising matter thereon according to the specifications agreed upon between the parties; that defendant paid to plaintiff under said contract for the months of April, May, June and July, 1925, and on August 25, 1925, addressed a communication or letter to plaintiff, stating in substance that the defendant would not use the space and advertising after September 1, 1925, claiming that the contract was by the month, and that he was only obligated to pay at the rate of $80 per month until he terminated the contract. The defendant refused to pay beyond September 1, 1925, and failed to pay for the month of August, 1925. The only questions involved in the case was whether under the terms of the contract the plaintiff was required to pay for a period of twelve months from April 1, 1925, or for only such months as it desired to continue the contract, and whether the rate was $90 per month as contended by plaintiff or $80 per month as contended by defendant. The plaintiff testified at the trial of the case that the contract was for a period of twelve months beginning April 1, 1925, and that the location of the walls and boards to be painted, and the specifications for the signs and advertising matter to be painted thereon was agreed to between the parties, and that in pursuance of the agreement his firm proceeded to procure the space by lease and painted the signs thereon according to contract and that defendant paid the first four months, and has failed and refused to pay for the balance of the year, and that he had been unable to contract for the space to others, and that the defendant was due and owing to plaintiff the amount at $90 per month for the eight months unpaid. The defendant testified that the contract was as stated by plaintiff except that it was at

the rate of $80 per month, and that he leased said space by the month only, and was entitled to terminate the same at the expiration of any month, but admitted that he had not paid for the month of August, 1925. The defendant was corroborated by one of his employees who claimed to be present at the time the contract was agreed to. The contract was in parol, except there was a list of the various locations where the signs were to be painted. The question as to whether the contract was by the month or for a period of twelve months, and also the rate per month, whether $90 or $80, was submitted to the jury by the court under a proper instruction, resulting in a verdict in favor of the plaintiff at the rate of $90 per month for a period of eight months, or the sum of $720, and a judgment rendered accordingly. Defendant made a motion for a new trial assigning several grounds therefor, which motion was by the court overruled and disallowed, and from this action of the court defendant has appealed to this court, assigning errors as follows:

"1. Because the verdict of the jury is contrary to the law in this case.

"2. Because the verdict of the jury is contrary to the evidence in this case.

"3. Because the verdict of the jury is contrary to the law and evidence in this case.

"4. Because the evidence of the defendants in error failed to establish their case by a preponderance of the proof.

"5. Because the evidence preponderates in favor of the plaintiff in error and against the defendants in error.

"6. Because the verdict of the jury is excessive.

"7. Because the court erred in permitting the defendant in error to testify over the objection of the counsel for the plaintiff in error to the cost and expense of erecting the bill boards and painting signs."

It will be observed that it is not insisted by either of the assignments of error that there was no material evidence to support the verdict. The first five assignments of error only present the question that the verdict of the jury is contrary to the law and the evidence, and that the evidence preponderates in favor of defendants. These were controverted facts, and were submitted to the jury under a proper instruction by the court. If there is any material evidence to support the verdict it will not be reviewed by this court. The first five assignments of error are accordingly overruled.

The sixth assignment of error complains that the verdict of the jury is excessive. Under this assignment of error it is insisted that in no event could the judgment have been in excess of $80 per month for the eight months. There was a conflict in the evidence between the parties as to the rate per month, which defendant would pay to

plaintiff. Plaintiff testified that it was to be at the rate of $90 per month for the space and locations agreed upon and actually painted. The defendant testified that it was to be at the rate of $80 per month, and that for the four months he only paid $80 per month, and in this he is supported by certain statements sent to him by plaintiff after the letter of August 25th attempting to terminate the contract. There appears a pencil memorandum on the typewritten sheet setting forth the locations and space to be painted (this typewritten list being sent up with the record in its original form) which would indicate twelve walls at $5 each, $60; one wall or bill board at $10; two bulletins $15; and one Jefferson and Third, $5, making $90. It appears that all this space was covered. As above stated there was a decided conflict in the evidence on this question which was resolved by the jury in favor of the contention of plaintiff, and there being material evidence to support the verdict it cannot be disturbed on this appeal.

The seventh assignment of error raises the question of law that the court erred in permitting the plaintiff to testify as to the cost and expenses incurred by plaintiff in painting these signs. The trial judge in overruling the objection to the evidence stated that it was only competent as a circumstance tending to corroborate the contention of plaintiff that the contract was for a twelve months period, and not simply by the month. It appeared that the cost of painting these signs was about $27.50 each, or a total of approximately $500. The purpose of this evidence was to show the lack of probability that plaintiff would incur this expense, where the signs would only be valuable to the defendant, when the contract could be terminated at the end of any one month. We think that it was not error for the court to admit this evidence for the purpose alone of corroborating plaintiff in his statement that the contract was for a period of twelve months. In admitting the evidence in question the court stated that it was admitted for the purpose alone of corroborating plaintiff's theory that the contract was for a period of twelve months. We do not think this was error. It was a material circumstance to be looked to by the court and jury in support of the contention of plaintiff. Its purpose was to show the improbability of plaintiff incurring an expense of approximately $500 to procure a contract that could be terminated at the end of the first month or any subsequent month at the will of defendant.

All assignments of error are overruled and the judgment is affirmed. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.